STEPHEN W. WHITNEY v. THE MERCHANTS' NATIONAL BANK OF NEWARK.

1. A demand by the defendant that the plaintiff's attorney declare whether the writ of summons or *capias* was issued by his authority, and the plaintiff's place of abode, does not stay the running of the defendant's time to plead.
2. If, on such demand, the plaintiff's attorney refuse to declare the place of abode, or so long omit that his failure amounts to a refusal, the plaintiff can proceed no further in the action without leave of the court.
3. If the plaintiff does not take his judgment by default, before or during the term next after the defendant's failure to plead, he cannot thereafter have such judgment, unless he first rule the defendant to plead.

In case. On motion to vacate order setting aside judgment.

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the motion, *A. S. Jackson.*

*Contra, C. Parker*

The opinion of the court was delivered by

DIXON, J. In this action of *assumpsit* the declaration was regularly served on the defendant, on September 5th, 1877, so that the statutory time to plead expired on October 5th. On September 20th, 1877, the defendant demanded of the

plaintiff's attorneys that they should declare forthwith, in writing, whether the writ was issued by them, or by their authority, and also the place of abode of the plaintiff. To this demand no response was made until March 9th, 1878, when the plaintiff's attorneys answered that the writ was issued by them, and the plaintiff resided in the city of New York, and gave notice that they had filed a bond for costs, according to the statute. On March 26th, 1878, no plea having been filed, the plaintiff entered a rule for judgment by default. On April 20th, 1878, a justice of this court made an order setting aside the rule for judgment as irregular, and the plaintiff now moves to vacate that order.

This motion cannot prevail. The time to plead expired on October 5th, 1877, and the plaintiff was bound to take advantage of the defendant's failure to plead, before or during the then next term of November, or else to rule the defendant to plead pursuant to section one hundred and thirteen of the practice act. *Rev.*, *p.* 866. The plaintiff's right to judgment by default, without such a rule on the defendant, was gone in March, 1878. *Slack* v. *Reeder*, 1 *Vroom* 348.

The plaintiff urges that the time for pleading was suspended between the service of the demand for the plaintiff's abode and the service of the response thereto, and hence did not expire until March 24th, 1878. No express statutory warrant exists for this contention, but he insists that, as the demand of residence is only preliminary to the demand of security for costs, and this latter demand suspends the time for pleading, so, inferentially, does the former. But the demand of residence is not, in contemplation of law, merely ancillary to the demand of security for costs. There are other purposes which the statute providing for it was intended to accomplish, and it is of use in other cases than where the plaintiff is non-resident in the state. We should not, therefore, extend the purview of the section, (*Rev.*, *Practice Act*, § 234,) which stays the running of the time to plead on the service of a notice requiring security of a non-

resident plaintiff, to a notice which may, with equal propriety and efficacy, be served on a resident plaintiff.

Nor does the section (*Rev.*, *Practice Act*, § 4,) under which this demand was served, help the plaintiff. That provides that if the attorney shall refuse to declare the place of abode of the plaintiff, then no further proceedings shall be taken in the action without leave of the court. The stay is made dependent, not on the demand, but on the refusal to declare. It may well be, that as the statute makes it the attorney's duty to declare forthwith, a failure to declare for nearly six months, or for any period longer than till the "*quarto die post,*" which of old was the latest day of indulgence, may be regarded as a refusal to declare; but the consequence of such refusal is not a lengthening of the defendant's time to plead, but a prohibition against the plaintiff's taking any further proceedings without leave of the court. In this aspect, therefore, equally, the plaintiff's entry of the rule for judgment, *sua sponte*, was unauthorized and irregular.

The motion is therefore denied, with costs.